J-S34037-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| JAMES ERNEST LUKSIK | : | No. 329 MDA 2021 |

Appeal from the Order Entered February 11, 2021
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0005712-2019

BEFORE: DUBOW, J., McLAUGHLIN, J., and McCAFFERY, J.

CONCURRING AND DISSENTING MEMORANDUM BY McLAUGHLIN, J.:

**FILED APRIL 01, 2022**

I respectfully disagree that the Commonwealth did not present a *prima facie* case that James Ernest Luksik committed institutional sexual assault (schools) against H.H.

As applied here, institutional sexual assault (schools) requires proof that the defendant was an employee of a school and that the defendant has engaged in "sexual intercourse, deviate sexual intercourse or indecent contact with a student of the school." 18 Pa.C.S.A. § 3124.2(a.2)(1). The defendant must have committed the conduct at least recklessly. ***See Commonwealth v. Mayfield***, 832 A.2d 418, 427 (Pa. 2003).

There can be no serious claim that the Commonwealth did not present sufficient evidence at the pretrial stage that Luksik was an employee of a school where H.H. was a student. The issue is therefore whether the

Commonwealth presented a *prima facie* case of "indecent contact." That phrase means "[a]ny touching of the sexual or other intimate parts of the person for the purpose of arousing or gratifying sexual desire, in any person." 18 Pa.C.S.A. § 3101.

A *prima facie* case of criminal conduct exists where the Commonwealth produces evidence of each material element of the crime charged and establishes probable cause to believe that it was the defendant who committed the offense. **Commonwealth v. Perez**, 249 A.3d 1092, 1102 (Pa. 2021). Probable cause to maintain criminal proceedings is "a reasonable ground of suspicion supported by circumstances sufficient to warrant an ordinary prudent man in the same situation in believing that the party is guilty of the offense." **Miller v. Pa. R.R. Co.**, 89 A.2d 809, 811-12 (Pa. 1952). A court determining whether there is probable cause must make every reasonable inference in the Commonwealth's favor. **See Perez**, 249 A.3d at 1102. An inference is reasonable for this purpose if the inferred fact is more likely than not to flow from the record evidence, which we view in the Commonwealth's favor. **See id.** at 1102-03.

H.H. testified that as she was walking through the Capitol Building, Luksik was telling students to "move on" and he tapped H.H.'s butt for "a second" as she walked by him. She explained that Luksik was in the habit of making sexualized comments to students about women. H.H.'s testimony, to my mind, was sufficient to present a *prima facie* case of indecent contact, and therefore institutional sexual assault (schools). There is no claim here that

H.H.'s rear end is not an "intimate" body part, and according to H.H., Luksik "touched" it. I also conclude that there is a reasonable inference that he did so at least recklessly and to arouse or gratify sexual desire.

The trial court's and the majority's stated concern is that the tap was too "momentary" to be deemed a felony. Majority Memorandum at 4. If the concern is that the allegedly short duration of the tap defeats a finding that Luksik's conduct was at least reckless and "for the purpose of arousing or gratifying sexual desire," then the majority appears to be improperly weighing the evidence and construing it in Luksik's favor. **See Perez**, 249 A.3d at 1102. Viewed in the Commonwealth's favor, I believe evidence of the tap, together with the testimony about Luksik's sexual comments to students, was sufficient to inferentially support a finding of a *prima facie* case. Indeed, the Supreme Court in **Perez** concluded that this Court in its decision there improperly made inferences and viewed the evidence at the pretrial stage in the defendant's favor.

I also respectfully do not understand the conclusion that there *was* a *prima facie* case of indecent assault without consent and indecent assault (victim under 16 years), but *not* of institutional sexual assault (schools). The two indecent assault charges also have the element of "indecent contact." Yet that element was determined to be met for the indecent assault charges but not for institutional sexual assault (schools). I respectfully believe that there was a *prima facie* case of all three charges.

As for corruption of minors, I do not agree that the evidence did not constitute a *prima facie* case because the tap was too "momentary" to corrupt morals or warrant a felony charge. **See** Trial Ct. Op. at 4. However, even viewing the evidence in the light most favorable to the Commonwealth, the allegations were of a single incident. Corruption of minors requires a course of conduct in violation of Chapter 31 of Title 18, and one incident is not a course of conduct. **See Commonwealth v. Kelly**, 102 A.3d 1025, 1032 (Pa.Super. 2014) (*en banc*).